## G. G. Johnson v. Listman Mill Company.

1. VENDOR AND VENDEE—*Refusal to Accept Goods Shipped.*—Where a vendee refuses to accept goods which have been shipped to him in compliance with a contract of purchase, the vendor may re-sell the same in the nearest market and recover from the vendee the difference, if any, between the price received and the contract price.

**Assumpsit.**—Breach of contract. Appeal from the Circuit Court of McLean County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

GEORGE O. BARNES and A. E. DeMANGE, attorneys for appellant.

TROWBRIDGE, FLEMING & BOHRER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was commenced before a justice of the peace to recover damages occasioned by the refusal of appellant to accept a carload of flour which had been shipped to him by appellee upon his order.

Appellee recovered a judgment before the justice for $63.75. Appellant prosecuted an appeal to the Circuit Court, where a trial was had, resulting in a judgment against him for $60.

The evidence contained in the record discloses the following state of facts :

Appellant is a merchant at Normal, Ill. Appellee is a manufacturer of flour at La Crosse, Wis. In December, 1896, appellant ordered of appellee's Illinois agent a carload of flour, to be shipped in the month of January, 1897, at $4.40 per barrel. The time for shipment was subsequently extended by request of appellant to between the 1st and 10th of February, 1897, and a carload, containing 125 barrels, was shipped from La Crosse on the 4th of February. On the 5th appellant received a bill for the flour and immediately wired appellee not to ship, unless it had already done so. The car reached Normal on the 9th, but appellant refused to receive it when tendered a bill of lading accompanied by a sight draft for the price. The flour remained in the car until the 17th of February, when appellant was notified by appellee's agent that if he would not receive it, it would be sold and he would be charged with the loss, the price of flour having declined. Appellant continuing in his refusal, it was re-sold in Bloomington, the nearest market, the next day, at a loss of sixty cents a barrel.

The legal principle involved in this controversy is the familiar one that where a vendee refuses to accept goods which have been shipped to him in compliance with a contract of purchase, the vendor may fairly re-sell the same in the nearest market and recover from the vendee the difference, if any, between the price received and the contract price.

That the flour was re-sold at a fair price is not questioned, but a right to recover is denied because appellee shipped the flour before the 10th of February, the time limit of the extension for shipment, as is contended, and because it shipped the higher priced of two grades of flour manufactured by appellee without first obtaining directions as to what kind to ship. The case is not of sufficient importance, either as to amount of judgment recovered or principle involved, to justify discussion in detail of the various letters and telegrams which passed between the parties,

and the conversations between appellant and appellee's agent. We are content to say that appellee was justified, under the circumstances, in shipping the flour on any day between the 1st and 10th of February, not having received word from appellant countermanding the order, and that it was under no obligation to first obtain more specific directions as to what grade to send than had already been given. To appellant's letter of January 23d, requesting the shipment to be made at some time between the 1st and 10th of February, appellee replied, of date January 26th, that while it had arranged to ship on February 1st and would be disappointed not to be able to do so, it would hold until February 10th, if appellee so desired. After waiting for several days without an answer from appellant expressing a desire that the shipment be delayed until the 10th, it was fully justified in shipping on the 4th. The telegram of December 1st to appellee's agent showed that he wanted " Marvel," the first-grade flour.

An agreement existed between the parties that appellee should not sell either of the two grades of flour handled by appellant to any other parties in Bloomington or Normal, except bakery proprietors. It is claimed that the re-sale of the carload lot in question violated that agreement, to the prejudice of appellant, and that the trial court erred in refusing to allow him to prove by way of set-off his damages in that regard. To avail itself of the rule of law above mentioned it devolved upon appellee to re-sell in Bloomington. It was the nearest and best market. The wrongful refusal of appellant to take the flour which had been shipped in compliance with his contract of purchase occasioned what he terms a violation of the agreement, and he is in no position to claim damages.

We see nothing seriously wrong with the instructions. The judgment is right and should be affirmed. Judgment affirmed.